# U.S. COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 25-1516

BRANDON TIMMONS,
Appellant

v.

BOHINSKI, Deputy Superintendent

_____

Appeal from the U.S. District Court, M.D. Pa.
Judge Yvette Kane, No. 1:21-cv-02157

Before: PORTER, MONTGOMERY-REEVES, and BOVE,
*Circuit Judges*
Argued Apr. 8, 2026; Decided Aug. 12, 2026

_____

OPINION OF THE COURT

BOVE, *Circuit Judge*.   This appeal concerns the appropriate procedures for resolving the Prison Litigation Reform Act's requirement that inmates exhaust administrative remedies before proceeding to court. *See* 42 U.S.C. § 1997e(a).

Plaintiff is an inmate at a state prison in Pennsylvania. Defendant is a supervisory official at the facility. In response to Plaintiff's § 1983 claims, Defendant raised a failure-to-

exhaust defense. Acting *pro se*, Plaintiff responded with a Declaration asserting that the grievance process was unavailable to him because other prison officials had intimidated him from filing. Plaintiff executed the Declaration under penalty of perjury. The District Court rejected the Declaration and granted summary judgment for Defendant.

After the District Court made that decision, the Supreme Court held that exhaustion can only be addressed by a trial jury where the defense is intertwined with the merits of inmate claims that are protected by the Seventh Amendment. *See Perttu v. Richards*, 605 U.S. 460, 479 (2025).[1] Following *Richards*, District Courts have a variety of options to address the exhaustion defense depending on the facts and circumstances of the case. *See, e.g.*, *Rinaldi v. United States*, 904 F.3d 257, 261 n.1, 265 (3d Cir. 2018). These options include (1) dismissal litigation under Rule 12(b); (2) pre-trial factfinding pursuant to procedures established in *Rinaldi* and its progeny; (3) jury-trial procedures (including summary judgment where appropriate), to the extent there is intertwinement under *Richards*; and (4) jury-trial procedures even in the absence of intertwinement.

The District Court chose Option 4, as opposed to *Rinaldi* factfinding under Option 2. The District Court erred, however, in the application of Rule 56. Plaintiff's Declaration was sufficient to create a triable issue with respect to whether the prison's grievance process was unavailable to him such that

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history. References to "Compl." are to Plaintiff's Third Amended Complaint, which was filed on the District Court's docket sheet at ECF No. 49.

exhaustion was not required. Accordingly, we will vacate the District Court's decision and remand for further proceedings consistent with this opinion—including determining in the first instance whether Option 3 is necessary in this case because of intertwinement under *Richards*.

# I.

Plaintiff alleged that on June 16, 2021, Defendant called him a "rat" in front of other inmates and told inmates that Plaintiff was a "snitch." Compl. at 2. According to Plaintiff, Defendant's statements were relayed to other inmates and placed Plaintiff at risk. Plaintiff contended that Defendant acted in retaliation for Plaintiff's earlier lawsuits against approximately 40 correctional employees. Plaintiff further alleged that in September 2022 Defendant said that he had used those terms because Plaintiff "liked to tell and sue staff and maybe his peers knowing that he was a snitch would stop him from suing." Compl. at 2.

Following successful motions to dismiss and for judgment on the pleadings, which are not at issue in this appeal, all that remained were Plaintiff's § 1983 claims against Defendant alleging violations of the First, Eighth, and Fourteenth Amendments. Defendant Bohinski argued that those claims should be dismissed because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). Plaintiff responded to the motion with a *pro se* brief and a two-page handwritten Declaration that he submitted pursuant to 28 U.S.C. § 1746. The District Court granted Defendant's motion. The court found it undisputed that Plaintiff failed to exhaust administrative remedies within the prison and held that

Plaintiff had not provided evidence that the grievance process was unavailable to him.  Plaintiff timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a District Court's grant of summary judgment, including on the issue of exhaustion under § 1997e(a).  *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016).

## III.

Trial courts have discretion to address exhaustion through a variety of procedures.  These procedures include, as in this case, summary judgment litigation.  The District Court erred in the application of Rule 56 by rejecting Plaintiff's Declaration, which contained enough facts to create a dispute over the availability of the grievance process.

## A.

Like the Supreme Court, "[w]e are not insensitive to the challenges faced by the lower federal courts in managing their dockets and attempting to separate, when it comes to prisoner suits, not so much wheat from chaff as needles from haystacks." *Jones v. Bock*, 549 U.S. 199, 224 (2007). Judicial gatekeeping pursuant to the Prison Litigation Reform Act returns "control of the inmate grievance process to prison administrators," encourages the "development of an administrative record, and perhaps settlements, within the inmate grievance process," and reduces "the burden on the federal courts by erecting barriers to frivolous prisoner

4

lawsuits." *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004). The Act's "stringent requirements" serve to "reduce the number of meritless inmate lawsuits challenging prison conditions." *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020). The exhaustion requirement at issue in this appeal is a "centerpiece" of the Act. *Richards*, 605 U.S. at 465.

A prisoner must properly exhaust administrative remedies before coming to court. *See, e.g.*, *Richards*, 605 U.S. at 465. "The only limit" to the exhaustion requirement "is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v. Blake*, 578 U.S. 632, 648 (2016) (quoting 42 U.S.C. § 1997e(a)). As relevant to this case, a prison's grievance process is unavailable to an inmate where corrections personnel thwart access to the process through "intimidation." *Rinaldi*, 904 F.3d at 267-68.

Exhaustion and unavailability must be addressed on a claim-by-claim basis. *Garrett v. Wexford Health*, 938 F.3d 69, 87 (3d Cir. 2019). Depending on the case, there are four procedural options for a District Court to do so:

Option 1: A District Court may dismiss an inmate's claim pursuant to Rule 12(b)(6) if the "failure to exhaust under the PLRA is apparent from the face of the complaint." *Talley v. Clark*, 111 F.4th 255, 264 (3d Cir. 2024); *see also Jones*, 549 U.S. at 216 ("[T]he failure of Congress to include exhaustion in terms among the enumerated grounds justifying dismissal upon early screening . . . is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim.").

Option 2: Where exhaustion and the merits are not intertwined, a District Court may engage in pretrial factfinding to address exhaustion and unavailability. *See Rinaldi*, 904 F.3d

5

at 265. "It would make sense from an efficiency standpoint that exhaustion determinations be made before discovery, or with only limited discovery." *Small v. Camden Cnty.*, 728 F.3d 265, 271 n.5 (3d Cir. 2013). This authority in Option 2 includes the ability to make credibility determinations and resolve factual disputes. The parties are entitled to notice and an opportunity to respond before a court employs this procedure. *See Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018). Courts have wide latitude to apply the Option 2 procedure based on the circumstances presented, and a full hearing with live testimony is not required in this Circuit. *See id.*

Option 3: When exhaustion is "intertwined with the merits of a claim protected by the Seventh Amendment," the "parties are entitled to a jury trial" on exhaustion. *Richards*, 605 U.S. at 479. *Richards* does not foreclose summary judgment procedures, which are permissible under the Act and do not implicate the Seventh Amendment. *See In re Trib. Media Co.*, 902 F.3d 384, 397 (3d Cir. 2018). Whereas pretrial factfinding in connection with Option 2 is discretionary, Option 3 is required by *Richards* when it is on the table due to intertwinement. *Richards*, 605 U.S. at 479. This case does not require us to draw a definitional intertwinement line. But we have been told that "common factual issues," the "possibility" of an "estoppel effect in a later jury trial," and other circumstances that "might prevent a full jury trial" are among the relevant considerations. *Id.* at 472, 474-76.

Option 4: Even in the absence of intertwinement, trial courts and defendants may skip past Options 1 and 2 in order to address exhaustion and unavailability by applying "the protections of Rule 56" and, if necessary, resolving factual disputes at a trial. *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir.

2010); *see also Dupree v. Younger*, 598 U.S. 729, 731 (2023); *Renchenski v. Williams*, 622 F.3d 315, 340-41 (3d Cir. 2010).

**B.**

The District Court addressed exhaustion and unavailability in response to Defendant's motion for summary judgment. Thus, we are dealing with an Option 4 situation. But the District Court misapplied the standards governing Rule 56 litigation.

"Failure to exhaust is an affirmative defense the defendant must plead and prove." *Small*, 728 F.3d at 268. Defendant met his summary-judgment persuasion burden on exhaustion. It was undisputed that Plaintiff did not file a grievance that included the claims at issue in this case. The next question was unavailability. Plaintiff, as the non-moving party, bore the evidentiary burden on that issue. *See Hardy v. Shaikh*, 959 F.3d 578, 587 (3d Cir. 2020). In a summary-judgment posture, that means Defendant was required to "demonstrate that the nonmoving party ha[d] not made a showing sufficient to establish the existence of" unavailability. *Massey v. Borough of Bergenfield*, 169 F.4th 188, 193 (3d Cir. 2026).

Plaintiff's Declaration provided enough proof to create a genuine issue of material fact as to whether the administrative grievance process had been rendered unavailable to him based on intimidation. There are objective and subjective components to Plaintiff's intimidation theory. *See Rinaldi*, 904 F.3d at 268. On the objective side, Plaintiff asserted in the Declaration that he had attempted to file a grievance, but a corrections officer "discarded it" and threatened him with a beating. A39. Plaintiff added that, less than two weeks later, a

corrections officer told him that "the next time I try to put a grievance on [Defendant] I would be jumped by other inmates." A39. Thus, the Declaration described the type of "serious threats of retaliation and bodily harm" that can satisfy the objective prong of unavailability based on intimidation. *Rinaldi*, 904 F.3d at 267.

Regarding the subjective prong, Plaintiff's Declaration included that he felt "scared" by the interactions he had described, which "intimidated" him "from filing a grievance" relating to Defendant. A39. Defendant points out some arguable tension arising from the fact that Plaintiff filed other grievances around the same time. The problem for Defendant is that Plaintiff's other grievances did not mention him. In that sense, those grievances are consistent with Plaintiff's Declaration. *See Rinaldi*, 904 F.3d at 270 (reasoning that an inmate's "willingness to file grievances concerning unrelated and far less inflammatory subjects . . . is hardly dispositive of whether he was subjectively deterred"). Plaintiff's other filings support an inference, contested though it may be, that Plaintiff was too intimidated to file a grievance against Defendant based on the threats described in Plaintiff's Declaration.

The District Court rejected Plaintiff's intimidation theory of unavailability by characterizing the Declaration as "self-serving," "unsupported," and "conclusory." A8. Those characterizations were not a basis for ignoring the Declaration.

First, we agree that Plaintiff's Declaration was "self-serving." A8. We just do not see a problem with that here. Almost any declaration filed by a litigant will be in some sense "self-serving." *See Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314, 321 n.2 (3d Cir. 2014). A self-serving declaration

8

becomes problematic if the document "hedge[s] and speculate[s]" to grasp at a factual conclusion. *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 634 (3d Cir. 2024). A declaration is also too self-serving to defeat summary judgment if it amounts to a "sworn assertion of a . . . lack of knowledge." *Gonzalez v. Sec'y of DHS*, 678 F.3d 254, 263 (3d Cir. 2012). For example, an inmate cannot defeat summary judgment based on failure-to-exhaust evidence by claiming that the prison's records were incomplete, or "that he 'appealed numerous responses' that 'vanished after being properly submitted and/or filed.'" *Paladino*, 885 F.3d at 208. The rote denial of a substantiated fact without evidence to back up the contradiction is too self-serving and typically will not be enough to carry the day. On the other hand, "self-serving affidavits pointing to specific facts can create a genuine issue of material fact sufficient to survive summary judgment." *Id.* That is an apt description of Plaintiff's Declaration.

Second, a non-movant's position is "unsupported," as the District Court used the term, where opposition to the summary judgment motion is limited to a declaration that is "unsworn and not given under the penalty of perjury." *Lauria v. Lieb*, 152 F.4th 549, 552 (3d Cir. 2025). Plaintiff's Declaration was different. He executed the document under penalty of perjury pursuant to 28 U.S.C. § 1746. Rule 56(c) contemplates the use of this type of Declaration in summary judgment litigation. *See United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019); *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002) (finding inmate's exhaustion argument "adequately supported by his earlier *pro se* affidavit").

Separately, a summary-judgment opposition will lack adequate support if it rests on "a scintilla of evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

9

When a party's proof is relegated to "scintilla" status, that means there is not enough "evidence on which the jury could reasonably find" for the non-movant. *Id.* A scintilla of evidence is "not enough to create a genuine issue of material fact." *In re Quest Diagnostics ERISA Litig.*, 179 F.4th 217, 226 (3d Cir. 2026). Here, however, there was more than a scintilla of detail in Plaintiff's Declaration. The Declaration contained specific, material facts about genuine issues relating to the unavailability of the grievance process. Accordingly, the submission was adequate to provide meritorious support for Plaintiff's summary-judgment defense.

Third, and for similar reasons, Plaintiff's Declaration was not "conclusory" to such an extent that the District Court was free to disregard it. A8. Declarations are too conclusory to defeat summary judgment if they are "lacking in specific facts." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002). A declaration that rests on denials without factual substance will fail. Trial courts need more than the non-movant's "suspicions." *Nitkin v. Main Line Health*, 67 F.4th 565, 571 (3d Cir. 2023). Similarly, "opinions and conclusions" will not be enough. *Lynn v. Bank of New York Mellon*, 180 F.4th 133, 143 (3d Cir. 2026). There were some conclusions in Plaintiff's Declaration, but they were grounded in facts that he specified in the document with enough information to infer his first-hand knowledge. Therefore, this was not the type of conclusory document that can be set aside on a motion for summary judgment.

**IV.**

For the foregoing reasons, we will vacate the District Court's summary judgment decisions and remand for further proceedings consistent with this opinion, including but not

10

limited to the application of the intertwinement standard set forth in *Richards*, 605 U.S. at 479.

*Counsel for Appellant*
Sophia Montgomery     [Argued]
Lindsay C. Harrison
Jenner & Block

Devi M. Rao
Roderick & Solange MacArthur Justice Center

*Counsel for Appellee*
Hannah Kogan     [Argued]
Mary Katherine M. Yarish
Office of Attorney General of Pennsylvania